.Danxei, Judge.
 

 This was a petition and
 
 scire fa-cias
 
 to vacate a graut. The defendant made two objections wherefore his patent
 
 should not be
 
 vacated— First, that the plaintiff’s grantor had been disseised, and was
 
 out of possession,
 
 when he made the deed to the plaintiff, so that nothing was purchased but a
 
 chose in action.
 
 Secondly: that the right of entry of those under whom the plaintiff claimed, was taken away by seven years continued adverse possession.
 

 The first objection is good inlaw. The person who conveyed to the plaintiff had bcc-n,and continued disseis-ed in March 1830,lhcdateof‘ihe conveyance to the plaintiffs. By the common Jaw a
 
 chose in action
 
 (except in the case of tiie King,) cannot be assigned orgranied over,
 
 (Lampeis case
 
 10
 
 Rep. 4
 
 8
 
 a 2 Ves.
 
 181) and the reason of the laws not allowing such was, because it tended to champerty and maintenance, and to pass debts, and pretended titles into the hands of more powerful men, who were then able to oppress the inferior orders.
 
 *496
 

 (2 Thomas’ Coke
 
 115.) It is an established maxim of the common law that no possibility, right, title or any other thing that vans not in possession,or vested in right could be granted or assigned to strangers. (Ib.456.) No right of entry or re-entry can be assigned, so that if a person be disseised, and assigns over his right to another before be has entered on the disseisor, such assignment is void.
 
 (Ib.
 
 566,
 
 note S. Winch
 
 v
 
 Keeley,
 
 1.
 
 T. R.
 
 619.
 
 Junes v Dunlop,
 
 8
 
 T. R. 595.)
 

 An actual adverse possession of sirven years is a bar to a
 
 Sci. Fa.
 
 to vacate the grant under which the defendant holds.
 

 In the second place the plaintiff’s grantor being dis-seised, and his right of entry taken away by the act of 1715,
 
 (Rev. ch.
 
 2 §
 
 S.J
 
 he could not, in our opinion have maintained a
 
 scire facias
 
 to vacate the defendants grant, because he could not be considered such a person
 
 aggrieved,
 
 as conies
 
 within the
 
 meaning of the tenth section of the act of 1798,
 
 (Taylor’s Rev. p.
 
 193,) establishing a court of patents. Seven years continued adverse possession by the defendant,under his junior gran t, (which would be colour of title) would have taken away tiie right of entry, ami barred the plaintiff in an action of ejectment. The action of ejectment is not mentioned eo
 
 nomi-ne,
 
 in the act of limitation; but that act declares when a right of entry shall be taken away by reason of an adverse possession, accompanied by efflux of time. The .right of entry of the plaintiff, and those under whom he claims, is clearly taken away in this case by virtue of the statute; then what benefit would he derive by vacating the defendant’s patent? The court could not in this species of action, order the possession to be surrendered, the plaintiff would still be driven to his proper action for the land, where he must be defeated by reason of the seven years adverse possession of the defendant under his junior grant. To sustain tisis proceeding at the instance of the petitioner, it is indispensable that he should bo aggrieved by the patent which he prays to be vacated. No person can be thereby aggrieved, but he who has an interest in the subject matter of it. If it appears that the petitioner never had such interest, or if he once had it, that the samo has been utterly extinguished or barred, be is then an officious intenaeddler with what
 
 *497
 
 concerns him not, lias no right to be protected, ami no grievance to be redressed.
 

 The case
 
 oí Me-Jtge V. Aiexan-
 
 as)-,
 
 {3d Ila-wks
 
 322) distinguish-cd from this case, distinguished.
 

 Tiiis decision is not in conflict with that in the case of
 
 McRee
 
 v
 
 Alexander,
 
 (3
 
 Hawks
 
 322,) which we understand to rest upon the point that a petition filed at the instance of
 
 several
 
 l-elators, may be maintained, al-
 
 Í
 
 though
 
 one
 
 of the relators be barred of all right to the ]anQ hy -¿lie act of limitations. We feel ourselves bound by that decision, and shall steadily adhere to it.
 

 The judgment of the Court below is affirmed.
 

 T- er Cum am. — Judgment aeeirmed.